**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
FCS ADVISORS, LLC,

                        Plaintiff,                                                23-CV-7341 (ALC) (KHP)

         -against-                                             **OPINION AND ORDER**

ISLAND FABRICATION LLC, et al.,

                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Before the Court is a motion by Sanford Greenberg of Greenberg Freeman, L.L.P. (the "Firm"), counsel of record for Defendants Island Fabrication LLC, NCI Holdings LLC, and Kent Schluter, to withdraw s counsel. (ECF No. 32.)  For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

      Plaintiff FCS Advisors, LLC d/b/a Brevet Capital Advisors, brough this action due to Defendants' alleged breach of two contracts.  (ECF No. 41 at 1.)  Both contracts concerned the purchase of "Employee Retention Credit Accounts" ("ERC Accounts") from Defendants, which provided short term funding to Defendants, in exchange for Plaintiffs receiving the right to any Internal Revenue Service ("IRS") refund payments eventually made into those accounts. Plaintiffs allege that although they purchased the right to receive refunds from the ERC Accounts, Defendants have kept all monies received from the IRS since.

      The parties appeared before the undersigned at an initial case management conference on November 7, 2023.  (ECF No. 27).  On April 8, 2024, counsel for the Defendants moved to withdraw as counsel of record.  In support of their application to withdraw, Defense counsel

filed an affidavit saying that Defendant has failed to pay legal fees, and Defendant advised his counsel that he would not have the ability to pay future legal fees. The matter is still in the discovery phase. Finally, Defense counsel has stated it does not intend to assert a retaining or charging lien.

## ANALYSIS

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion. In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. Karimian v. Time Equities, Inc., 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4). I consider both factors below, and also address the motion's compliance with Local Civil Rule 1.4.

1. **Reasons for Withdrawal**

Mr. Greenberg states that his Firm's reason for seeking to withdraw is that the Defendant has not paid legal fees incurred in this action in violation of the written retainer agreement, and

that Defendant has informed the firm that they do not have the ability to pay the Firm's future legal fees. Defendant has consented to the withdrawal, and Plaintiff has not filed an opposition. Nonpayment of fees has consistently been found to be a legitimate ground for granting a motion to withdraw by several Courts in this Circuit. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010)(collecting cases).

### 2. Impact of Withdrawal on the Case

The Initial Case Management Conference in this matter was held on October, 13 2023. Document discovery is still not complete, and there are no pending motions other than for an order of attachment against Defendants. Given that this action is still in a relatively early stage, withdrawal will not have a particularly significant effect on its timing. See *Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

### 3. Compliance with Local Rule 1.4

In addition to the instant motion, Mr. Greenberg has filed a declaration that complies with the requirements of Local Rule 1.4. (ECF No. 33.) He states that the firm does not intend to assert a charging lien. Finally, Mr. Greenberg has also filed an affidavit of service of the motion and affidavit on Defendants. (ECF No. 35.) Therefore, he has satisfied all of the procedural requirements of the local rule.

## CONCLUSION

For the reasons stated above, Mr. Greenberg and the Firm's motion to withdraw as counsel of record for the Defendants is GRANTED.  **The Clerk of the Court is respectfully directed to terminate Mr. Greenberg and the Firm as counsel of record.  Mr. Greenberg is directed to mail a copy of this order to the Defendants.  Defendants are advised that the corporate entities may not proceed** *pro se*.  **A representative of the Defendants is ordered to appear at the May 6, 2024 status conference.**

**SO ORDERED.**

DATED:    New York, New York
          April 30, 2024

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge